IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Forrest Kelly Samples, | C/A No.: 1:13-657-MGL-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Benjamin F. Lewis, Jr.; Amy R. Enloe; Mathew L. Harper; Katherine Watson Burgess; Daniel Cotter; Larry Cartledge; Kay Humphries; John Tamarchio, | |
| Defendants. | |

I.   Background

Plaintiff Forrest Kelly Samples is a *pro se* prisoner incarcerated at Perry Correctional Institution ("PCI") who filed a complaint pursuant 42 U.S.C. § 1983 alleging the defendants were deliberately indifferent to his serious medical needs. This matter comes before the court on Plaintiff's motion for court intervention [Entry #3] to have him transferred to another institution because he believes his health and welfare are being threatened. Thus, Plaintiff's motion seeks preliminary injunctive relief.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because a motion for injunctive relief is dispositive, this Report and Recommendation is entered for the district judge's consideration.

II.     Discussion

    A.     Preliminary Injunction Standard

The court may only grant injunctive relief, after notice to the adverse party, under strict conditions. Fed. R. Civ. P. 65. A preliminary injunction is an "extraordinary remed[y] involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001). A party seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 550 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[1] A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 550 U.S. at 22; *Real Truth*, 575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 550 U.S. at 20–22; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of

---

[1] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Commission*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions, before remanding it to the district court for consideration in light of *Citizens United*. *See The Real Truth About Obama, Inc. v. Federal Elections Comm'n*, 607 F.3d 355 (4th Cir. 2010).

equities tips in the party's favor. *See Real Truth*, 575 F.3d at 346–47.[2] Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*).

B.   Analysis

After review of Plaintiff's motion, the court finds that he has not demonstrated a clear likelihood of success on the merits. There is no constitutional right for a state or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); *Ange v. Paderick*, 521 F.2d 1066 (4th Cir. 1975). The placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and are not subject to review unless state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016–1017 & n. 1 (4th Cir. 1984). Plaintiff has also failed to show that he will suffer irreparable harm if he is not transferred, as the incidents contained in the complaint have taken place over the course of the past two years and Plaintiff is still incarcerated at PCI. Additionally, Plaintiff has provided no evidence and bases his motion solely on the allegations in his complaint.

Plaintiff has not shown that balance of equities tips in his favor. The United States Court of Appeals for the Fourth Circuit has long recognized the "wide ranging deference"

---

[2] Based on *Winter*, the *Real Truth* Court expressly rejected and overruled *Blackwelder*'s sliding scale approach that formerly allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. *Real Truth*, 575 F.3d at 347; *Winter*, 555 U.S. at 21–22.

that the judiciary must show prison administrators with regard to matters within their discretion. *See Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980) (discussing the complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration. Finally, Plaintiff has not shown that an injunction is in the public interest. The undersigned cannot conclude that the public interest would be best served by reversing prison administrators' decisions regarding prison assignments where the record contains only the Plaintiff's allegations and no evidence. Therefore, it is recommended that Plaintiff's motion be denied.

III.   Conclusion

For the foregoing reasons, the undersigned recommends Plaintiff's motion for court intervention [Entry #3] be denied.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

April 12, 2013                                              Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).