IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Forrest Kelly Samples, ) | |
| ) | C/A No.: 1:13-657-MGL-SVH |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| Benjamin F. Lewis, Jr.; Amy R. Enloe; ) | |
| Mathew L. Harper; Katherine Watson ) | |
| Burgess; Daniel Cotter; Larry ) | |
| Cartledge; Kay Humphries; and John ) | |
| Tamarchio, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This action has been filed by the Plaintiff, *pro se*, pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. This matter is before the court on: (1) Plaintiff's motion requesting Defendants take pictures of his foot [Entry #25]; and (2) Plaintiff's motion for appointment of counsel. [Entry #33].

I.     Motion for an Order to Take Pictures

Plaintiff requests that the court order Defendants to take pictures of his right foot. [Entry #25]. Plaintiff claims that the pictures will serve as better evidence than written statements. *Id*. Defendants argue that they should not be required to assist Plaintiff with the preparation of his case. [Entry #28]. The Federal Rules of Civil Procedure do not require a party to create evidentiary documents or records at an opposing party's request. Therefore, Plaintiff's motion is denied.

II.     Motion for Appointment of Counsel

There is no right to appointed counsel in § 1983 cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff in his motion has not shown that any exceptional circumstances exist in this case. Rather, he simply states that he is a *pro se* prisoner with limited legal knowledge and access to legal resources. [Entry #33].

This is a typical complaint by prisoners seeking to pursue civil cases *pro se* in federal court, and after a review of the file, this court has determined that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his or her case. Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915 (e)(1) is denied.

IT IS SO ORDERED.

June 7, 2013                                                  Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

2