IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Forrest Kelly Samples, ) | Civil Action No.:1:13-cv-657-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Benjamin F. Lewis, Jr.; Amy R. Enloe; ) | |
| Mathew L. Harper; Katherine Watson ) | |
| Burgess; Daniel Cotter; Larry Cartledge; ) | |
| Kay Humphries; John Tamarchio, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pro se Plaintiff Forrest Kelly Samples ("Plaintiff") filed this complaint pursuant to 42 U.S.C. § 1983 alleging Defendants were deliberately indifferent to his serious medical needs. Plaintiff is a prisoner incarcerated at Perry Correctional Institution ("PCI") of the South Carolina Department of Corrections. On March 12, 2013, Plaintiff filed a Motion for Intervention (ECF No. 3) asking this court to have him removed from his current institution for fear of his health and safety. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial handling and a Report and Recommendation ("Report"). The Magistrate Judge filed a Report on April 12, 2013, in which she properly noted that Plaintiff seeks preliminary injunctive relief and recommended that Plaintiff's motion be denied as he failed to satisfy the strict standards of Federal Rule of Civil Procedure 65 to obtain such injunctive relief. (ECF No. 13.) For the reasons set forth below, Plaintiff's Motion for Court Intervention (ECF No. 3) is denied.

**REPORT AND RECOMMENDATION**

The Report sets forth in detail the relevant facts and standards of law on this matter which the court incorporates herein without a recitation. The Magistrate Judge only makes a recommendation to the court. The recommendation has no presumptive weight, and the court retains the responsibility for making a final determination. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). This court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). Plaintiff filed objections to the Magistrate Judge's Recommendation on April 24, 2013. (ECF No. 19.)

**DISCUSSION/ANALYSIS**

Plaintiff objects to the Magistrate Judge's recommendation that the court deny his motion for a preliminary injunction and asks this court to reconsider his motion. Plaintiff contends that several Defendants have shown prejudice to him: 1) related to medical policies and procedures (ECF No. 19 at 1); 2) by failing to take pictures of his injuries (ECF No. 19 at 2); and by not attending to his injured foot and accommodation requests regarding the same. (ECF No. 19 at 2-3). Plaintiff reiterates his request to be separated from Defendants to avoid retaliation while he seeks medical attention for his issues. (ECF No. 19 at 3.)

Plaintiff has offered no particular or specific objections to the Magistrate Judge's conclusions and analysis. Rather, Plaintiff's response suggests his overall disagreement with the Magistrate Judge's recommendation that his Motion for Intervention be denied. The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not

direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir.1982). Nevertheless, this court has carefully reviewed the record before it.

As explained by the Magistrate Judge, in order to obtain a preliminary injunction, a plaintiff must demonstrate: "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.* 555 U.S. 7, 19-20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), overruling *Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977). As further explained by the Magistrate Judge, there is no constitutional right for a state or federal prisoner to be housed in a particular institution or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); *Ange v. Paderick*, 521 F.2d 1066, 1067-1068 (4th Cir. 1975). The placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions and the judiciary must accord prison administrators "wide ranging deference" as to these decisions. *Hayes v. Thompson*, 726 F.2d 1015, 1016–1017 & n. 1 (4th Cir. 1984); *Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir.1980) ("The realities of running a penal institution are complex and unique to the prison environment. Federal courts have traditionally been reluctant to interfere in the problems of prison administration.").

In this action, Plaintiff has not shown that he is likely to succeed on the merits or that he is likely to suffer irreparable harm. Furthermore, Plaintiff has not shown that the balance of equities tips in his favor or that an injunction is in the public interest. As such, the court overrules Plaintiff's

objection to the Magistrate Judge's recommendation that Plaintiff's Motion for Intervention be denied.

## **CONCLUSION**

After careful review of the record, the applicable law, the Report and Recommendation and Plaintiff's objections, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and Plaintiff's Motion for Intervention (ECF No. 3) is **DENIED**. This matter is recommitted to the Magistrate Judge for further pretrial handling.

IT IS SO ORDERED.

s/Mary G. Lewis
United States District Judge

October 22, 2013
Spartanburg, South Carolina