IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Forrest Kelly Samples, | ) | |
|---|---|---|
| | ) | C/A No.: 1:13-657-MGL-SVH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Benjamin F. Lewis, Jr.; Amy R. Enloe; Mathew L. Harper; Katherine Watson Burgess; Daniel Cotter; Larry Cartledge; Kay Humphries; and John Tamarchio, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I.  Background

Plaintiff Forrest Kelly Samples is a pro se prisoner incarcerated at Perry Correctional Institution ("PCI") who filed a complaint pursuant 42 U.S.C. § 1983 alleging Benjamin F. Lewis, Jr., Amy R. Enloe, Mathew L. Harper, Katherine Watson Burgess, Daniel Cotter, Larry Cartledge, Kay Humphries, and John Tamarchio ("Defendants") were deliberately indifferent to his serious medical needs.  This matter comes before the court on the following motions: (1) Plaintiff's motion to compel [Entry #34]; (2) Plaintiff's motion to intervene [Entry #37]; (3) Plaintiff's motion for access to the law library [Entry #38]; and (4) Plaintiff's motion for an extension of time to complete discovery [Entry #50].  All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

II.   Discussion

   A.   Analysis

      1.   Plaintiff's motion to compel

In his motion to compel filed June 5, 2013, Plaintiff seeks responses to requests for production he alleges he issued on April 29, 2013. In their response to the motion, Defendants indicate counsel served discovery responses on Plaintiff on May 31, 2013. Plaintiff did not file a reply brief. Therefore, Plaintiff's motion to compel [Entry #34] is denied as moot.

      2.   Plaintiff's motion to intervene

In his motion to intervene, Plaintiff requests to be transferred from PCI, as he believes PCI correctional officers are not providing him legal materials in retaliation for his filing the instant lawsuit. Plaintiff has previously requested a transfer [Entry #3], and his request was denied on October 22, 2013 [Entry #55]. Plaintiff has provided no evidence of retaliation beyond his vague allegations and has failed to show he is entitled to a transfer. Plaintiff's motion to intervene [Entry #37] is therefore denied.

      3.   Plaintiff's motion for access to the law library

In his motion for access to the law library, Plaintiff alleges he is not receiving access to the law library in accordance with SCDC policy. In their response, Defendants indicated that Plaintiff is in the Special Management Unit ("SMU") and is not allowed to physically go to the law library, but materials are brought to him by a designated individual. [Entry #41]. Defendants further asserted the following:

2

> Defendants maintain that Plaintiff has been provided access to legal materials. Inmates housed in SMU are allowed to obtain three items from the law library twice per week. Defendants are not involved with providing legal materials to inmates in SMU, but understand that Plaintiff has received items on a regular basis. Defendants would note that there may have been occasions where the Officer who provides SMU inmates with legal supplies has been out of the Institution and materials were not delivered, but Plaintiff again has received legal materials on a regular basis.

*Id*. Plaintiff did not file a reply brief. Therefore, Plaintiff's motion to be allowed access to the law library [Entry #38] is denied.

        4.      Plaintiff's motion for an extension of time to complete discovery

Plaintiff requests additional time to complete discovery in order to give Defendants additional time to supplement their responses to his requests for production. Specifically, Plaintiff states that the policies Defendants produced are not current. Defendants' response brief indicates that Plaintiff was provided with the current policies in effect, but that the issue date on some of the policies may be from years ago. [Entry #51]. Plaintiff did not file a reply. Therefore, Plaintiff's motion to extend the time for discovery [Entry #50] is denied as moot.

        B.      Defendants' Motion for Summary Judgment

Defendants filed a motion for summary judgment on July 30, 2013. [Entry #47]. As Plaintiff is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on July 31, 2013, advising him of the importance of the motion for summary judgment and of the need for him to file an adequate response. [Entry #48]. Plaintiff was specifically advised that if he failed to respond adequately, Defendants' motion may be granted. Notwithstanding the specific warning

3

and instructions set forth in the court's *Roseboro* order, Plaintiff has failed to respond to the motion. On October 15, 2013, the court ordered Plaintiff to advise whether he wished to continue with the case by October 29, 2013. [Entry #43]. On October 30, 2013, the court received Plaintiff's response to the October 15, 2013 order. [Entry #59]. Plaintiff argues that he has inadequate paper and envelopes to respond to Defendants' motion, although he was able to borrow paper and an envelope to respond to the court. *Id.*

The court takes judicial notice that SCDC policy provides that indigent inmates receive an allotment of envelopes and paper each month. *See Edmond v. Ozmint*, C/A 1:08-3288-GRA-SVH, 2010 WL 3399157 (D.S.C. July 26, 2010).[1] Defendants filed their motion for summary judgment over three months ago. Plaintiff is instructed to respond to Defendants' motion for summary judgment by November 21, 2013. Plaintiff is further advised that no further extensions will be granted.

III.    Conclusion

For the foregoing reasons, the following motions are denied: (1) Plaintiff's motion to compel [Entry #34]; (2) Plaintiff's motion to intervene [Entry #37]; (3) Plaintiff's motion for access to the law library [Entry #38]; (4) Plaintiff's motion for an extension of time to complete discovery [Entry #50]. In addition, Plaintiff is to file a response to Defendants' motion for summary judgment by November 21, 2013.

---

[1] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992); *Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

IT IS SO ORDERED.

*Shiva V. Hodges*

November 7, 2013
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

5