UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Forrest Kelly Samples,<br><br>                       Plaintiff,<br><br>v.<br><br><br>Benjamin F. Lewis, Jr.; Amy R. Enloe;<br>Mathew L. Harper; Katherine Watson<br>Burgess; Daniel Cotter; Larry Cartledge;<br>Kay Humphries; and John Tamarchio,<br><br>                      Defendants. | Civil Action No. 1:13-657-MGL<br><br><br><br><br><br>**OPINION AND ORDER** |

Plaintiff Forrest Kelly Samples ("Plaintiff"), proceeding *pro se*, brought this action pursuant to Title 42, United States Code, Section 1983. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial handling and a Report and Recommendation ("Report").

On July 30, 2013, Defendants Benjamin F. Lewis, Jr., Amy R. Enloe, Mathew L. Harper, Katherine Watson Burgess, Daniel Cotte,; Larry Cartledge, Kay Humphries, and John Tamarchio ("Defendants") filed a motion for summary judgment. (ECF No. 47.) Since Plaintiff is *pro se* in this matter, the Court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on July 31, 2013, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. (ECF No. 48.) Plaintiff was granted an extension of time to respond to the motion for summary judgment (ECF No. 53), but because he did not file a response by October 29, 2013, was ordered to file a response by November 21, 2013. (ECF No. 55.) Plaintiff did not respond, and on December 2, 2013, Magistrate Judge Hodges issued a Report recommending that Defendant's motion for summary judgment be granted because Plaintiff has not shown that

Defendants were deliberately indifferent to his medical needs, and that Plaintiff's claim that Cotter refused to take a picture of his foot fails to state a constitutional violation.[1]  (ECF No. 64.).  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so.  (ECF No. 64 at 11.)  Plaintiff filed no objections and the time for doing so expired on December 19, 2013.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court reviews the Report and Recommendation only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the motion and response, the record, and the Report and Recommendation of the Magistrate Judge, the Court finds no clear error.  Accordingly, the Court adopts and incorporates the Report and Recommendation (ECF No. 64) by reference into this order.  It is therefore ORDERED that Defendants' motion for summary judgment (ECF No. 47) is GRANTED,

---

[1] The Magistrate Judge alternatively recommended dismissal of this case for failure to prosecute.

and this case dismissed.

       IT IS SO ORDERED.

                                               /s/ Mary G. Lewis  
                                             United States District Judge

Spartanburg, South Carolina  
January 8, 2014